414 So.2d 1182 (1982)
Lynn Pitts SILLING, Appellant,
v.
STATE of Florida, Appellee.
No. AD-255.
District Court of Appeal of Florida, First District.
June 11, 1982.
*1183 Charles J. Kahn, Jr., of Levin, Warfield, Middlebrooks, Mabie & Magie, Pensacola, for appellant.
Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Appellant was convicted and sentenced for one count of burglary with intent to assault and for two counts of aggravated battery with a firearm. Appellant alleges error as to four points, one being that the trial court erred in allowing testimony regarding statements she allegedly made after invoking her right to counsel. We agree and reverse and remand for a new trial.
Deputy Wasden arrested appellant and immediately read her her Miranda rights. Appellant acknowledged her understanding of these rights and waived her right to remain silent. Deputy Wasden and defendant then proceeded to her apartment so she could make arrangements for her young son. Subsequently, while they were still at appellant's apartment, Deputy Wasden again advised her of her Miranda rights. She again indicated that she understood these rights and again waived her right to remain silent. Appellant then proceeded to explain to Deputy Wasden that she had gone to her husband's apartment to procure her son's clothes he had left there after a recent visit with his father. Appellant and her husband, Mark, were not divorced but had been living separately. Appellant knew that Mark had been living with another woman, Carla. Appellant then told Deputy Wasden that when she touched Mark's apartment door it came open. Accordingly, she proceeded into the apartment and into the bedroom, where she saw Mark and Carla lying nude in bed. Deputy Wasden then asked appellant if that was when she began firing. At this point, appellant said she did not want to answer anymore questions without conferring with an attorney. Deputy Wasden did not question appellant further.
Subsequently, Deputy Wasden took appellant to the county jail, where she was booked by Deputy Taylor. Deputy Wasden told Deputy Taylor that appellant had been given her Miranda rights. Deputy Taylor did not read appellant her Miranda rights nor did he apprise her of her right to counsel as required by Rule 3.111(c), Fla.R. Crim.P. However, Deputy Taylor asked appellant "why she did it?" At trial Deputy Taylor testified that appellant responded with something along the line of "I was tired of him messing me over." Appellant objected to the admission of this statement.
In view of Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), decided subsequent to the trial in this case, Deputy Taylor's testimony on this point was inadmissible. Edwards held that once the right to counsel is invoked, it must be voluntarily, knowingly, and intelligently waived. In the instant case, there is no evidence that appellant voluntarily, knowingly, and intelligently waived her right to counsel that she had previously specifically invoked. Edwards further held that once an accused expresses a desire to exercise her right to counsel, she cannot be interrogated further by police until afforded counsel, unless she initiates further "communication, exchanges or conversations with the police." Id., 451 U.S. at 484-486, 101 S.Ct. at 1885, 68 L.Ed.2d at 386. There is no evidence that the conversation with Deputy Taylor was initiated by appellant. Indeed, from the testimony it appears that Deputy Taylor initiated the conversation by asking *1184 her a question. Accordingly, Deputy Taylor's testimony on this point is inadmissible. We therefore reverse appellant's convictions and sentences and remand for a new trial.
The remaining three points raised by appellant are without merit. For the foregoing reasons, we reverse appellant's convictions and sentences and remand for a new trial consistent with this opinion.
ERVIN and BOOTH, JJ., concur.