DANAHY, Judge.
Since the defendant’s trial and conviction on charges of vehicular homicide, the Supreme Court issued its opinion in Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). That decision requires us to reverse.
At the scene of the accident giving rise to the charges against the defendant, the defendant was placed under arrest and fully advised of his Miranda rights. He was taken to a hospital for treatment of injuries and then transported the same evening to jail. At the jail, approximately five hours after the accident, Officer Price visited the defendant, reminded him of his Miranda rights, and questioned him regarding the accident. The defendant made inculpatory statements. His motion to suppress those statements as evidence against him was denied on the ground that he waived his Miranda rights by his willingness to talk to Officer Price.
The state concedes that prior to the questioning of the defendant by Officer Price at the jail, the defendant was visited by his attorney. The attorney informed the booking officer at the jail that he represented the defendant and did not want him questioned without the attorney’s presence. The defendant thus clearly invoked his right to have counsel present during custodial interrogation. In Edwards, the Supreme Court held that once an accused has invoked his right to have counsel present *41 during custodial interrogation, a valid waiver of that right cannot be established by showing only that the accused responded to police initiated interrogation after being again advised of his Miranda rights. The Court said that once an accused has expressed his desire to deal with the police only through counsel, he is not to be subjected to further interrogation until counsel has been made available to him unless the accused himself initiates further communications with the police.
The state failed to establish a valid waiver by the defendant of his right to have counsel present during interrogation, under the standard set forth in Edwards. Accordingly, we reverse and remand for a new trial. Silling v. State, 414 So.2d 1182 (Fla. 1st DCA 1982).
REVERSED AND REMANDED.
OTT, C.J., and BOARDMAN, J., concur.